IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA

v.                                                                   CRIMINAL ACTION NO. 5:24-cr-00090-5

JERMAINE ANTOINE JOHNSON

## ORDER

Pending before the Court are the ***Defendant's Motion to Dismiss*** (ECF No. 227) and the ***Response of United States to Defendant's <u>Bruen</u>-Based Motion to Dismiss*** (ECF No. 243).[1] For the reasons stated herein, the Court finds that the Defendant's motion should be **DENIED**.

## Background

On May 29, 2024, a multi-count Indictment was returned against the Defendant and eleven other co-defendants, specifically charging the Defendant with two counts of conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Counts One and Eleven), and one count of possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (Count Twelve) (ECF No. 9). For purposes herein, the Indictment states that, on or about May 22, 2024, at or near Beckley, Raleigh County, West Virginia, the Defendant knowingly possessed a firearm and ammunition, that is, a Palmetto Arms model PA-15 .223-caliber AR-style rifle and a 100-round drum magazine, in and affecting interstate commerce. The indictment further alleges that at the time the Defendant possessed the firearm and ammunition, he knew that he had

---

[1] As an incidental matter, the undersigned **GRANTS** the ***United States' Motion for Leave to File Response Out of Time*** (ECF No. 244), as the filing of the Response to the Defendant's Motion one hour after the deadline is not significant considering the circumstances.

1

been previously convicted of a crime punishable by imprisonment for a term exceeding one year, as defined in 18 U.S.C. § 921(a)(20), that is, convicted on or about January 7, 2015 in the Circuit Court of Raleigh County, West Virginia of the felony offense of Malicious Wounding, in violation of W. Va. Code § 61-2-9(a).

There appears no dispute that the Defendant possessed a firearm, or that he was convicted felon. However, the Defendant moves this Court to dismiss Count Twelve of the Indictment returned against him on the basis of the opinion set forth in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1, 142 S.Ct. 2111, 213 L.Ed.2d 387 (2022) concerning Second Amendment challenges to gun regulations. The Defendant concedes, and the undersigned observes, that this District has previously determined numerous times that 18 U.S.C. § 922(g)(1) is constitutional, and most recently, the Fourth Circuit has held this statute is constitutional.[2] Nevertheless, the Defendant contends that the constitutionality of this statute remains unsettled, and brings this Motion "to preserve the issue in anticipation of further decision by higher courts." (ECF No. 227 at 2)

## Legal Standard

The undersigned has observed numerous times that while Bruen changed the legal landscape as to assessing the constitutional validity of firearm regulations, it did not wholesale find restrictions or criminalization of firearm possession unconstitutional. While the undersigned

---

[2] See, e.g., *United States v. Price*, No. 2:22-cr-00097, 2022 WL 6968457, at *8 (S.D.W. Va. Oct. 12, 2022)(Goodwin, J.); *United States v. Bradley*, No. 2:22-cr-00098, 2023 WL 2621352, at *2 (S.D.W. Va. Mar. 23, 2023)(Berger, J.); *United States v. Bever*, No. 2:22-cr-00164, 669 F.Supp.3d 578 (S.D.W. Va. Apr. 18, 2023)(Faber, J.); *United States v. Manns*, No. 5:22-cr-00066, 2023 WL 312130, at *3 (S.D.W. Va. Apr. 27, 2023)(Volk, J.); *United States v. Nellum-Toney*, No. 2:23-cr-00034, 2023 WL 6449443, at *5 (S.D.W. Va. Oct. 3, 2023)(Faber, J.); *United States v. Bolling*, No. 2:21-cr-00087, 2023 WL 4874482, at *5 (S.D.W. Va. Jul. 31, 2023)(Faber, J.); *United States v. England*, No. 5:23-cr-00093, 2024 WL 3582209, at *2 (S.D.W. Va. Jul. 30, 2024)(Volk, J.); see also, *United States v. Canada*, No. 22-4519, 103 F.4th 257 (4th Cir. 2024).

appreciates the Defendant's desire to preserve the issue presented herein in the event the constitutionality of 18 U.S.C. § 922(g)(1) is reversed by the Supreme Court, the undersigned agrees with the United States that the Defendant's conduct as described in Count Twelve is not protected under the Second Amendment.

For the reasons set forth above, the Court **DENIES** the ***Defendant's Motion to Dismiss*** (ECF No. 227).

In accordance with Rule 59(b) of the Federal Rules of Criminal Procedure, the ruling set forth above on the dispositive motion may be contested by filing, within 14 days, objections to this Order with District Judge Frank W. Volk. If objections are filed, the District Judge will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is directed to send a copy of this Order to the Defendant, Counsel for the Defendant, the Assistant United States Attorney, the United States Marshal, and the United States Probation Office.

ENTER: September 16, 2024.

Omar J. Aboulhosn
United States Magistrate Judge